Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL JACKSON, | : | |
| Petitioner, | : | Civil Action No. 15-763 (ES) |
| v. | : | OPINION |
| PATRICK NOGAN, *et al.*, | : | |
| Respondents. | : | |

**SALAS, DISTRICT JUDGE**

Before the Court is petitioner Michael Jackson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (D.E. No. 1). Having considered the parties' arguments, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons that follow, the Court DENIES the Petition as untimely.

**I.     BACKGROUND**

Because Jackson is in custody pursuant to the judgment of a state court, his Petition must comply with 28 U.S.C. § 2244(d)(1), which sets out a one-year limitations period to file a habeas petition in federal court under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Relevant here, the one-year limitations period begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," § 2244(d)(1)(A), which includes the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court, *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Section 2244(d)(2) automatically tolls the one-year limitations period from running during the time in which a "properly filed" application for state post-conviction relief ("State PCR") is "pending,"

§ 2244(d)(2); that tolling period, importantly, does *not* include the 90-day period to seek a writ of certiorari, *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

Neither party disputes that the Petition was untimely, and the Court set out the relevant facts supporting that conclusion in its May 11, 2018 Order. (D.E. No. 30 ¶¶ 10–12). To repeat those reasons briefly, on September 24, 1998, the New Jersey Supreme Court denied Jackson's petition for certification on direct appeal. Jackson had 90 days to file a writ of certiorari to the United States Supreme Court. He did not do so, making the judgment in this case final on December 23, 1998. From that point, he had one year to file this Petition. But he filed for State PCR on November 10, 1999. That filing invoked the automatic tolling provision of § 2244(d)(2), leaving him 44 days to file his Petition *after* his State PCR case was no longer "pending." On October 24, 2014, the New Jersey Supreme Court denied his petition for certification in his State PCR case. At that point, the statute of limitations began to run again, giving Jackson until December 8, 2014, to file his Petition. Jackson filed his Petition on January 16, 2015—more than one month past the deadline.

## II.   DISCUSSION

With that background, the issue here is whether Jackson (i) is entitled to equitable tolling of the one-year limitations period, or (ii) has made a sufficient showing of "actual innocence" to relieve himself of § 2244(d)'s limitations period. The Court holds against Jackson on both issues, and the Court will not issue a certificate of appealability.

***Equitable Tolling***: The Supreme Court has held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. *Holland v. Florida*, 560 U.S. 631, 649-50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013). The Court need not answer the question whether Jackson exercised his rights diligently, because it finds that he has failed to proffer sufficient evidence establishing that extraordinary circumstances stood in the way of timely filing his Petition.

In claiming otherwise, Jackson asserts a "lost mail" argument. He claims that, after State PCR was no longer pending on October 24, 2014, he was transferred from New Jersey State Prison ("NJSP") to East Jersey State Prison ("EJSP") on December 8, 2014, and "did not receive the [New Jersey] Supreme Court's decision at that time." (D.E. No. 31 ¶ 4). In support of that claim, Jackson attaches (i) an exhibit showing that he was transferred from NJSP to EJSP on December 8, 2014 (*id.*, Ex. C); (ii) a "mailed envelope," which does not contain a date stamp, showing that he received mail to NJSP (*id.*, Ex. A); and (iii) an EJSP mail log showing that he received mail there on December 12, 2014 (D.E. No. 35, Ex. C). Ostensibly, Jackson suggests the New Jersey Supreme Court delayed mailing him its decision, or the post office delayed sending the decision, or there was a mix-up in the mail at NJSP and EJSP, or a combination of the three.

Even if "lost mail" may establish extraordinary circumstances warranting equitable tolling in a particular case, Jackson has not provided adequate proof supporting his argument. *Cf. Massey v. McGinley*, No. 16-0345, 2019 WL 2905138, at *6 (W.D. Pa. July 5, 2019) ("Courts are typically only willing to equitably toll the filing deadline when there is sufficient evidence that in fact the petitioner did timely mail his filing, thus making the claim of 'lost mail' substantially more believable." (quoting *Johnson v. United States*, No. 10-0341, 2010 WL 2490694, at *3 (E.D. Wis. June 17, 2010))). First, the mere fact that he was transferred from NJSP to EJSP does not prove

3

his "lost mail" claim. Second, the fact he has a mailed envelope addressed to him at NJSP establishes nothing more than the fact he received mail at NJSP. Indeed, the envelope he submits does not contain a time stamp, and there is no proof of the envelope's contents. Third, the fact he received mail at EJSP on December 12, 2014, only establishes he received mail there on that day. It fails to establish that he did not receive the New Jersey Supreme Court's October 24, 2014 decision at NJSP before he was transferred on December 8, 2014. Significantly, there is no evidence of the mailing's contents. Fourth and finally, he has not submitted any other evidence supporting his claim. He could have submitted, for example, mail logs from NJSP showing he did not receive any mail there between October 24, 2014—the date his State PCR was no longer pending—and December 8, 2014—the date of his transfer. *See Haskell v. Folino*, No. 10-0149, 2011 WL 4625997, at *3 (W.D. Pa. Oct. 3, 2011) ("All three of these documents were mailed using an incorrect inmate number and the mail log maintained by the prison indicates that Petitioner did not receive any of these documents from the Superior Court."); *id.*, at *3 (explaining that extraordinary circumstances stood in the way timely filing because the petitioner "was frustrated by the repeated clerical errors of the Superior Court which resulted in his not receiving the majority of the Superior Court's mailings"). But he did not do that.

**_Actual Innocence_**: The Supreme Court has recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass [despite] expiration of the statute of limitations." *McQuiggan v. Perkins*, 133 S. Ct. 1924, 1928 (2013). To make a sufficient showing of actual innocence, a petitioner must (i) "present new, reliable evidence that was not presented at trial" and (ii) "show by a preponderance of the evidence, 'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also*

*Wallace v. Mahanoy*, __ F.3d __, No. 18-3006, 2021 WL 2547029, at *14 (3d Cir. June 22, 2021).

Jackson has not made the requisite showing of actual innocence. While he asserts his innocence, he does not proffer *new* evidence in support of it. He submits that his co-defendant, Ethan White, who pled guilty to a lesser offense, identified two other individuals as his accomplices and provided their identities to State PCR counsel and the prosecution during the State PCR investigation stage. (D.E. No. 24 ("Reply") at 40). But Jackson has not explained why he could not have provided these individuals' names while his trial was pending. *See Shoulders v. Eckard*, No. 14-1753, 2016 WL 1237798, at *4 (W.D. Pa. Feb. 29, 2016) ("Because the evidence was concededly available at the time of the trial, it cannot constitute 'new' evidence of actual innocence."), *report and recommendation adopted*, 2016 WL 1213627 (W.D. Pa. Mar. 29, 2016); *see also Houck v. Stickman*, 625 F.3d 88, 93–94 (3d Cir. 2010) (explaining that, except in instances where trial counsel was constitutionally ineffective, "evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence" (quoting *Amrine v. Bowersox*, 128 F.3d 1222, 1230 (8th Cir. 1997))).

Assuming, as Jackson appears to argue, that his trial counsel was ineffective in failing to investigate White's recent identifications (Reply at 38–39), that only means the Court may consider the evidence in assessing his claim of actual innocence. *See Reeves v. Fayette*, 897 F.3d 154, 164 (3d Cir. 2018) ("[W]hen a petitioner asserts ineffective assistance of counsel based on counsel's failure to discover or present to the fact-finder the very exculpatory evidence that demonstrates his actual innocence, such evidence constitutes new evidence for purposes of the *Schlup* actual innocence gateway."). And even with that evidence, the Court finds that Jackson has not met the high bar set by the actual innocence standard. White's testimony at the State PCR hearing was insufficiently vague and not credible. *See Schlup*, 513 U.S. at 330 (explaining that a

habeas court assessing a claim of actual innocence "may have to make some credibility assessments"). While White identified his purported accomplices to State PCR counsel and the prosecution, he refused to identify them under oath at the State PCR evidentiary hearing. *See State v. Jackson*, No. A-2509-11T4, 2014 WL 1698342, at *4 (N.J. Super. Ct. App. Div. May 1, 2014). His refusal to identify them under oath, as the New Jersey Appellate Division explained, makes it unlikely that his testimony would be "of the type that would probably change the outcome if defendant were granted a new trial." *Id.* In addition, White admitted at the State PCR evidentiary hearing that he was friends with Jackson, and he appeared to indicate that he did not want to see people incarcerated. (D.E. No. 7-26, June 13, 2011 State PCR Evidentiary Hearing at 36–37). Indeed, in response to the government's question whether White wanted to see Jackson in jail, White responded, "Sweety [*sic*] I wouldn't want . . . to see you sit in jail." (*Id.* at 37:5–6). Thus, in light of its vagueness and lack of credibility, the Court finds that White's testimony does not show by a preponderance of the evidence that it is more likely than not that no reasonable juror, equipped with his testimony, would have convicted Jackson.

***Certificate of Appealability***: This Court must determine whether Jackson is entitled to a certificate of appealability under 28 U.S.C. § 2253(c)(2). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the Supreme Court has said, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court finds

that a certificate of appealability shall not issue in this case.

## III. CONCLUSION

For the foregoing reasons, the Petition is DENIED *with prejudice*. An appropriate Order accompanies this Opinion.


June 29, 2021                                                        */s/Esther Salas*
                                                                     **Esther Salas, U.S.D.J.**